UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **DEANDRE ANDERSON** | **CIVIL ACTION NO. 19-121-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **JUDGE GARRETT** | **MAGISTRATEJUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff DeAndre Anderson, ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was filed in his court on January 31, 2019. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. Plaintiff names Judge Garrett as defendant.

Plaintiff claims that on December 19, 2018, he was arrested by Officer Green on a fugitive warrant for probation and parole. He claims he was transferred to Caddo Correctional Center and booked for marijuana and a fugitive warrant.

Plaintiff claims that on December 20, 2018, he appeared before Judge Garrett. He claims he was given credit for time served on the marijuana charge and his probation was revoked. He claims he was given a sentence of six months. Plaintiff claims he was placed on probation for the same marijuana charge that Judge Garrett used to violate his probation.

Plaintiff claims he was not read his Miranda rights. He claims he did not appear for video court or a preliminary examination. He claims he was not given a bond hearing. He claims he was not allowed to appear to plead guilty or not guilty. He claims Judge Garrett automatically found him guilty by giving him credit for time served. He claims Judge Garret did appoint him counsel, but his counsel never opened his folder or offered a defense.

Accordingly, Plaintiff seeks protection, an investigation, monetary compensation, and the removal of Judge Garrett.

For the following reasons, Plaintiff's civil rights complaint should be dismissed.

## LAW AND ANALYSIS

Plaintiff cannot maintain his claims against Judge Garrett. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982).

The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties. Accordingly, Plaintiff's civil rights claim against Judge Garrett should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis, if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an in forma pauperis (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 3rd day of April, 2019.

Mark L. Hornsby
U.S. Magistrate Judge